2000 OK CIV APP 86

**Darlene SELFRIDGE,**
**Plaintiff/Appellant,**

v.

**DOLLAR GENERAL CORPORATION,**
**INC., a corporation,**
**Defendant/Appellee.**

**No. 94,368.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

Decided June 2, 2000.

Richard E. Butner, Wewoka, OK, for Appellant.

Leonard Court, Jeremy Tubb, Oklahoma City, OK, for Appellee.

### OPINION

CARL B. JONES, Presiding Judge:

¶ 1 Appellant, Darlene Selfridge (Selfridge), brought this action asserting Appellee, Dollar General Corporation, Inc. (Dollar General), had breached an implied, employment contract. Additionally, Selfridge asserted the discharge was retaliatory for contemplating filing a workers' compensation claim. Dollar General's handbook and other employment materials given to Selfridge provide that she is an at-will employee. On Selfridge's termination papers, Dollar General stated that she was terminated for failing to record all the time she was at work. Dollar General termed this as "working off the clock." Dollar General had an express

written policy that failing to properly sign in and out would be grounds for immediate termination.

¶ 2 Selfridge did not notify anyone at Dollar General that she intended to file a worker's compensation claim until several days after she was fired, and a claim was not actually filed until several weeks after her discharge. Dollar General filed a Motion for Summary Judgment asserting that Selfridge was terminable at will and could be fired at any time. Dollar General further asserted Selfridge never sought medical treatment, consulted a lawyer or filed a workers' compensation claim until after she was fired. The trial court granted Dollar General's Motion for Summary Judgment. Selfridge appeals.

¶ 3 The issues on appeal are: 1) whether Selfridge produced evidence inferring the existence of an implied contract for continued employment establishing Selfridge's breach of contract claim; and 2) whether Selfridge produced evidence inferring her discharge was in retaliation for contemplating filing a workers' compensation claim. Summary judgment is proper only when the pleadings, affidavits, depositions, or other evidentiary materials establish that there is no genuine issue concerning any material fact, and that one party is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, all inferences and conclusions drawn from the evidence must be examined in a light most favorable to the party opposing the motion for summary judgment. *Kincaid v. Black Angus Motel, Inc.*, 1999 OK 54, 983 P.2d 1016, 1022.

¶ 4 Dollar General argues Selfridge was an at-will employee. Where an employment contract is of indefinite duration, it is terminable at will by either party for good cause or no cause. *Hayes v. Eateries, Inc.*, 1995 OK 108, 905 P.2d 778, 780. It is undisputed Selfridge's employment was for an indefinite duration.

¶ 5 Selfridge contends that the employee handbook and statements made by her employers created an implied contract preventing her from being terminated with-

out good cause. Oklahoma jurisprudence recognizes that an employee handbook may form the basis of an implied contract between an employer and its employees if four traditional contract requirements exist: 1) competent parties, 2) consent, 3) a legal object, and 4) consideration. Oklahoma case-law has established two limitations on the scope of implied contracts through an employee handbook: 1) the manual only alters the at-will relationship with respect to accrued benefits, and 2) the promises in the employee manual must be in definite terms, not in the form of vague assurances. Although the existence of an implied contract generally presents an issue of fact, if the alleged promises are nothing more than vague assurances the issue can be decided as a matter of law. An implied contract must be based on definite promises. While an employer may disclaim any intent to make the provisions of an employee handbook part of the employment relationship, the disclaimer must be clear. Inconsistent conduct by the employer may negate the disclaimer's effect. *Russell v. Board of County Com'rs*, 1997 OK 80, 952 P.2d 492, 501–02.

¶ 6 When Selfridge began employment with Dollar General in 1993 and again in 1994, she signed the following "Employee Agreement":

> "THE HANDBOOK IS NOT INTENDED TO BE CONTRACTUAL IN NATURE NOR TO FORM THE BASIS FOR AN EXPRESS OR IMPLIED EMPLOYMENT CONTRACT AND SHOULD NOT BE RELIED UPON AS SUCH. IT IS THE POLICY AND INTENT OF DOLLAR GENERAL CORPORATION THAT THE EMPLOYMENT RELATIONSHIP IS ONE CREATED AND GOVERNED BY THE WILL OF BOTH PARTIES, AND MAY BE TERMINATED AT ANY TIME WITH OR WITHOUT CAUSE BY EITHER PARTY."

This statement is echoed four additional times in the employee handbook. It additionally provides:

> "I further understand that no supervisor, manager, or officer of the Company, other than the Chairman, has any authority to enter into any agreement for employment for any specified period of time or make any agreement contrary to this policy."

Selfridge was asked at her deposition to point to any provision which she relied upon to create an implied contract. She was unable to because Dollar General's disclaimer was very clear as: 1) there were no assurances of job security in the employee handbook; 2) written disclaimers in the employee handbook and employee agreement denied any intention to form a contract of employment; and 3) the disclaimers were in capital letters and bolded. No implied contract was created through the employee handbook.

¶ 7 Selfridge contends that the implied contract was created by her supervisors when they stated they hoped she would stay because she was good with the customers and would not be terminated unless she violated a company policy. We note that Selfridge was terminated for violating a written company policy, "working off the clock". The detrimental reliance on oral assurances must be reasonable. Courts must distinguish between carefully developed employer representations upon which an employee may justifiably rely, and general platitudes, vague assurances, praise, and indefinite promises of permanent continued employment. Only when the promises are definite and are of the sort which may be reasonably or justifiably relied on by the employee, will a contract claim be viable, not when the employee relies on only vague assurances that no reasonable person would justifiably rely upon. There is an objective component to the nature of an implied contract claim in the form of definite and specific promises by the employer sufficient to substantively restrict the reasons for termination. *Hayes v. Eateries, Inc., supra.* Selfridge did not produce any evidence of a substantive restriction or definite promise for continued employment by Dollar General. The trial court properly granted summary judgment for Dollar General on the issue of breach of contract.

¶ 8 The final issue raised is whether Selfridge was discharged in retaliation for contemplating filing a workers' compensation claim. For a retaliatory discharge claim, an employee must demonstrate: 1)

employment; 2) a job related injury; 3) medical treatment so that the employer is put on notice or a good faith start of workers' compensation proceedings and; 4) consequent termination. *Wallace v. Halliburton Co.,* 1993 OK 24, 850 P.2d 1056, 1059. The facts are undisputed that Selfridge did not start medical treatment prior to her termination. She did not report the injury to the store manager, consult an attorney or file a workers' compensation claim until after she was terminated. In fact, Selfridge admits that she did not report the injury to the acting store manager who was in the store on the day of her injury. The only person she told of the injury was the assistant manager a day or two after the alleged injury and he admits that he did not report the injury to anyone because Selfridge could not decide if she was really injured or just sore. Selfridge did not produce any other evidence to support an inference of a retaliatory discharge claim. Under the record provided, the evidence is insufficient to support an inference that Selfridge was discharged in retaliation for contemplating filing a workers' compensation claim when she is unable to show Dollar General was aware of the possible claim until after her termination. The trial court properly granted summary judgment for Dollar General on this issue. Accordingly, the trial court is affirmed.

¶ 9 AFFIRMED.

¶ 10 GARRETT, J., and BUETTNER, J., concur.